

Attorneys at Law
L'Abbate, Balkan, Colavita & Contini, L.L.P.
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

Scott E. Kossove
Partner
skossove@lbcclaw.com

October 1, 2009

**VIA ECF**

Honorable Magistrate William D. Wall
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722-4449

      Re:   *Mauro, Maria v. Countywide Home Loans, Inc., et al.*
            Case No.        : 07 cv 1268 (JFB)(WDW)
            LBC&C File No.  : 566-93798

Honorable Magistrate Wall:

      We write as counsel for defendants Victoria S. Kaplan and Victoria S. Kaplan, P.C. (collectively "Kaplan") in this matter.  We submit this letter application in support of Kaplan's motion seeking an order pursuant to Federal Rule of Civil Procedure 45(e), holding non-party Weatherstone Mortgage Corp. ("Weatherstone") in contempt for failing to obey or otherwise adequately respond to a non-party subpoena duly served upon it by Kaplan on January 29, 2009.[1]  By way of reminder, Kaplan previously filed an application for an order of contempt against Weatherstone on or about July 21, 2009.  Kaplan, however, agreed to withdraw its application without prejudice in response to Weatherstone's representation to the Court that it would voluntarily comply with the subpoena.

      In short, this action is premised upon the allegation that proceeds from two separate loans taken out by plaintiff were stolen by an individual named Peter Dawson ("Dawson").  In this action, plaintiff alleges that defendants, including Kaplan (who was the attorney for the lender in connection with the underlying loans), engaged in some form of improper conduct that allegedly assisted Dawson in misappropriating the loan proceeds.  Upon information and belief, Weatherstone was the mortgage broker in connection with the underlying loans, and accordingly, is believed to be a material witness to this action.

      On January 29, 2009, Kaplan duly served a non-party subpoena upon Weatherstone via personal service (A copy of Kaplan's non-party subpoena that was issued to Weatherstone is

---

[1] This motion is being made by way of a letter application pursuant to Your Honor's individual Rule 3(A)(i), as well as Local Civil Rule 37.3.

2

annexed hereto as Exhibit "A"). Pursuant to this subpoena, Weatherstone was commanded to appear for a deposition on February 24, 2009 and to also produce various documents that were demanded in a schedule annexed to the subpoena (See "Schedule A", which is appended to Exhibit "A"). Nevertheless, Weatherstone did not produce any documents by that date, nor did it appear for its deposition. In fact, Weatherstone did not communicate with this office at all regarding the subpoena that was served upon it.

Thereafter, this office sent a good-faith letter to Weatherstone on March 13, 2009 in an attempt to reschedule Weatherstone's deposition (A copy of this March 13, 2009 correspondence is annexed hereto as Exhibit "B"). Weatherstone, however, never responded to this correspondence. After Kaplan moved for an order of contempt against Weatherstone in July of 2009, Weatherstone represented to the Court and this office in a letter dated July 24, 2009 that it was willing to voluntarily comply with the subpoena that was previously served upon it (A copy of Weatherstone's July 24, 2009 letter is annexed hereto as Exhibit "C"). Relying upon Weatherstone's representation, this office subsequently withdraw its application without prejudice. The Court, in an order dated August 14, 2009, terminated Kaplan's motion for contempt but noted that Kaplan could refile the motion if it became necessary to do so.

Thereafter, our office contacted Weatherstone's president, Nicholas Ceccarini, to discuss this issue. Mr. Ceccarini requested that we send him a letter detailing what information and documents we were seeking by way of our subpoena. Accordingly, we sent Weatherstone a letter on August 5, 2009 that stated, in part, that we sought Weatherstone's entire file relating to the loans at issue in this lawsuit (A copy of this August 5, 2009 letter is annexed hereto as Exhibit "D"). We also explained in this letter that we sought to obtain the last known address/telephone number for Frank DeRosa, Melissa Horen and Keith Krol, who it is believed once worked for Weatherstone and were involved in the loans at issue in this lawsuit (See Exhibit "D"). We further requested that Weatherstone provide us with a list of available days to conduct its deposition, while noting that the need to conduct that deposition could become obsolete depending upon the contents of its production (See Exhibit "D").

We attempted on several occasions throughout August to get Weatherstone to provide the requested information and/or documents. Finally, on or about August 28, 2009, Weatherstone provided a one-page letter response that merely provided the last known telephone numbers for Frank DeRosa, Melissa Horen and Keith Krol (A copy of Weatherstone's August 28, 2009 letter is annexed hereto as Exhibit "E"). Upon receipt of this letter, our office sent another letter to Weatherstone on September 3, 2009 explaining that Weatherstone's response was inadequate, in that it failed to provide the requested files pertaining to the underlying loans (A copy of this office's September 3, 2009 letter is annexed hereto as Exhibit "F"). We further noted that Weatherstone failed to provide the last known addresses for those three individuals (See Exhibit "F"). We also reminded Weatherstone that it would potentially have to be deposed (See Exhibit "F"). Nevertheless, Weatherstone has not taken any other steps since that letter to comply with our subpoena.



3

Federal Rule of Civil Procedure 45(e) provides that "[t]he issuing court may hold in contempt a person who, having been served [with a subpoena], fails without adequate excuse to obey the subpoena." It is well-settled that "a valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court." Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991). Accordingly, "Rule 45 grants the court the power to hold a party in contempt simply on the basis of failure to comply with a subpoena." Hunter TBA, Inc. v. Triple V Sales, 250 F.R.D. 116, 117 (E.D.N.Y. 2008) (quotations omitted); see also Beruashvili v. Hobart Corp., No. CV 2005-1646, 2006 WL 2289199, at *1 (E.D.N.Y. Aug. 8, 2006) ("the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena").

In this case, Weatherstone's one page response to our subpoena that merely provided the last known phone numbers for three former employees is clearly inadequate. Weatherstone has not provided any explanation for its failure to produce a copy of its files relating to the loans at issue in this lawsuit. Although Kaplan was previously willing to withdraw its application for an order of civil contempt in light of Weatherstone's representation that it would voluntarily comply with Kaplan's subpoena, it is now apparent that Court intervention is needed for force Weatherstone's compliance. In light of the foregoing, Weatherstone should be held to be in civil contempt pursuant to Federal Rule of Civil Procedure 45(e), and that finding of contempt should only be lifted upon Weatherstone's full compliance with Kaplan's subpoena.

Based upon the foregoing, non-party discovery could not be completed in this matter. It is anticipated that Weatherstone's full compliance with Kaplan's subpoena will lead to the identification of at least one or two witnesses that will have to be deposed in this matter. In order to give the parties an opportunity to complete this discovery, and to give the Court ample time to decide this application, it is respectfully requested that the deadline for completing discovery in this action be extended forty-five days to November 16, 2009. We have conferred with the other parties to this action, and they have agreed to the requested modification to the discovery schedule. A proposed revised discovery schedule executed by the parties is enclosed. This proposed revised discovery schedule also amends the deadlines for post-discovery activity to accommodate the requested extension of time to complete discovery.

Thank you for your consideration of this application.

Respectfully submitted,

SCOTT E. KOSSOVE (SK 9812)

SEK/DMM/ig
Encls.



4

cc:   Kevin R. Toole, Esq. (KT-7700)     ***VIA E-MAIL AND ECF***
      SCOTT A. ROSENBERG, P.C.
      Attorneys for Plaintiff Maria Mauro
      265 Post Avenue, Suite 120
      Westbury, New York 11590

      Steven S. Rand, Esq. (SR-6720)     ***VIA E-MAIL AND ECF***
      ZEICHNER ELLMAN & KRAUSE LLP
      Attorneys for Defendant Countrywide Home Loans, Inc.
      575 Lexington Avenue
      New York, New York  10022

      Weatherstone Mortgage Corp.        ***VIA CERTIFIED MAIL (RETURN RECEIPT***
      255 Executive Drive, Suite 202     ***REQUESTED)***
      Plainview, New York  11803

R:\CPWin\History\090929_0001\107E8.88

