UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARIA MAURO,

                    Plaintiff(s),        **ORDER**
-against-                                  CV07-1268 (JFB) (WDW)

COUNTRYWIDE HOME LOANS, INC.,

                    Defendant(s).
----------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court is a motion pursuant to Rule 45 by defendants Victoria Kaplan and Victoria S. Kaplan, P.C. ("Kaplan"), to find non-party Weatherstone Mortgage Corp. in contempt for failing to respond to a subpoena. DE[63]. The motion is unopposed by Weatherstone, despite service on them. For the reasons set forth below, the court will give Weatherstone one last opportunity to comply and/or to show cause why a recommendation of contempt should not be made. If it fails to do so, the undersigned will certify the facts to District Judge Bianco and will recommend that Weatherstone be held in contempt. Kaplan also seeks an extension of the discovery deadline to November 16, 2009, a request that is granted.

## BACKGROUND

In July, the defendants made a motion to have Weatherstone found in contempt. DE[58]. On July 29, 2009, Weatherstone's president, Nicholas P. Ceccarini, faxed a letter dated July 24, 2009 to chambers, stating that he was "available anytime in the future to come in and put forth" his deposition. DE[61]. Based on the representation in the letter, Kaplan withdrew its earlier motion. In the subpoena, Kaplan seeks Weatherstone's files underlying the loans at issue in this lawsuit, as well as the last known names and addresses of former employees. Kaplan reports that it has attempted since July to get Weatherstone to comply with the subpoena, but the only thing

that Weatherstone produced was the last known telephone numbers for some of its former employees. Despite letters from Kaplan telling Weatherstone that the response was inadequate, no further communications from Weatherstone have been forthcoming, nor, apparently, has Mr. Ceccarini appeared for a deposition. Kaplan now seeks an order finding Weatherstone in contempt.

**DISCUSSION**

Rule 45(e) of the Federal Rules of Civil Procedure provides that the issuing court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." *See also Daval Steel Products v. M/V Fakredine,* 951 F.2d 1357, 1364 (2d Cir. 1991). "Indeed, the judicial power to hold a non-party in contempt is the primary mechanism by which a court can enforce a subpoena." *Beruashvili v. Hobart Corp.,* 2006 WL 2289199, *1 (E.D.N.Y. Aug. 8, 2006) (citing Practice Commentary to Rule 45(e), 28 U.S.C. ¶45-26). Before imposing sanctions for civil contempt, due process requires that the person receive notice and an opportunity to be heard. *See Sanchez v. Pathmark Stores,* 2009 WL 398103, *1 (S.D.N.Y Feb. 17, 2009) (citations omitted). Here, the plaintiffs' prior motion gave Weatherstone notice and an opportunity to be heard, and Weatherstone represented to the court that it would comply with the subpoena. Thus, the court has power to now issue an order of civil contempt under Rule 45(e), although the powers of a magistrate judge in that regard are limited by 28 U.S.C. §636(e).

Here, the relevant section is 636(e)(6), which provides, *inter alia,* that, under the circumstances of this matter, "the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge

2

upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." When the facts have been certified, the "district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." *Id.*

Under the certification process, the magistrate judge may conduct a hearing, but he or she functions only to certify the facts and not to issue an order of contempt.[1] *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 118 (E.D.N.Y. 2008) (citations omitted). In certifying the facts under section 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Id.* (citations and internal quotation marks omitted). Upon certification of the facts supporting a finding of contempt, the district court must then conduct a de novo hearing at which issues of fact and credibility determinations are made. *Id.*

It is well established that "the power to punish for contempts is inherent in all courts." *Bowens v. Atlantic Maintenance Corp.,* 546 F. Supp. 2d 55, 63 (E.D.N.Y. 2008) (citations omitted). "The underlying concern is 'disobedience to the orders of the [j]udiciary,' not 'merely the disruption of court proceedings.'" *Id.* (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991) (additional citations omitted). Thus, an individual who fails to obey a valid order of the court may be subject to both civil and criminal penalties for his actions. *Id.* (citing *United States*

---

[1] If contemptuous behavior occurs within the presence of a magistrate judge, or in a case on consent, he or she has the power to issue an order of contempt directly. It is unclear in the caselaw whether the circumstances of this case, in which Weatherstone represented to the court that it would comply and then failed to do so, could be construed as having been contempt "within my presence." The more prudent course is thus to certify the facts to the District Judge.

*v. Petito,* 671 F.2d 68, 72 (2d Cir. 1982) (additional citations omitted). "Criminal contempt is used to punish the contemnor or vindicate the court's authority; civil contempt seeks to coerce the contemnor into compliance with the court's orders or to compensate the complaining party for losses incurred as a result of the contemnor's conduct." *Id.* (citing *Hess v. New Jersey Transit Rail Operations, Inc.,* 846 F.2d 114, 115 (2d Cir. 1988) (additional citations omitted).

Here, the goal is to coerce Weatherstone into compliance with the subpoena, and an order of civil contempt is indicated. An order of civil contempt may issue pursuant to 18 U.S.C. §401, which authorizes the court to punish "by fine or imprisonment, or both, at its discretion" any contempt of the court's authority, such as "misbehavior of any person in the court's presence or so near thereto as to obstruct the administration of justice," or "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." Three elements must be established before a party can be held in civil contempt: (1) there must be an order that is clear and unambiguous; (2) the proof of non-compliance with that order must be clear and convincing; and (3) it must be shown that the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered. *Hunter TBA,* 250 F.R.D. at 119 (citations and internal quotation marks omitted). Because the order sought here is one for civil contempt, there is no requirement that the court find willfulness on the part of the contemnor. *Id.* at 119 n.5 (citing *Canterbury Belts Ltd. v. Lande Walker Rudkin, Ltd.,* 869 F.2d 34, 39 (2d Cir. 1989)).

Based on this law, I will give Weatherstone one final opportunity to avoid being held in contempt. It shall respond to the document demands in the subpoenas and appear for a deposition no later than **November 4, 2009**. If Weatherstone complies, no certification hearing will be held and no recommendation that an order of contempt be issued will be made. If it fails

to do so and thus fails to comply not only with the subpoena but with this order of the court, it will be at risk of a finding of contempt and sanctions, including imposition of a mandatory fine, attorneys fees and costs. If it has not responded to the subpoena and appeared for deposition by that date, it must appear before me on **November 6, 2009 at 10:30a.m.** in Courtroom 820 of the Federal Courthouse in Central Islip to show cause why a recommendation that it be found in contempt and such sanctions imposed not be made, and to certify the facts of the contempt. If the failure to comply continues with failure to appear on November 6, Weatherstone is warned that the court can issue a warrant of arrest for failure to comply with a court order. The Kaplan defendants must attend the hearing and be prepared to make a record certifying the facts of the contempt. The other parties may attend if they wish to do so, but their attendance is not required.

To sum up, Weatherstone shall appear before the court at 10:30 a.m. on November 6, 2009 to show cause why it should not be held in contempt and sanctions imposed, unless, by November 4, 2009, it has produced the documents requested by the subpoena and appeared for a deposition. Kaplan shall inform the court by letter filed by ECF and copied to Weatherstone, if and when Weatherstone complies or shall inform the court that it has not complied. The court will serve a copy of this order on Weatherstone at the address and fax number on the letter it submitted to the court.

In the motion, Kaplan also seeks an extension of the discovery deadline to November 16, 2009. That aspect of the motion is granted although the court recognizes that a further adjournment may be necessary if and when Weatherstone complies with the subpoena.

Dated: Central Islip, New York
October 21, 2009

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge